UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 2:04-CR-55 |
| | ) | |
| ADELBERTO LARA PORTELA | ) | |

**O R D E R**

This criminal matter is before the Court to address the objections to the presentence report filed by the defendant. On January 31, 2005, the defendant pled guilty to Count 1 of the indictment which charged him with the possession with the intent to distribute 500 grams or more of cocaine and Count 2 of the indictment which charged him with being an alien who had been previously deported who was found in the United States. After careful consideration of the record as a whole, it is hereby **ORDERED** as follows:

**OBJECTION 1:**

The defendant asserts that he should not have received a sixteen (16) point enhancement under *U.S.S.G* §2L1.2(b)(1)(A) because his conviction for vehicular assault was not a conviction for a crime of violence. However, in the Stipulation of Facts filed on January 24, 2005, the defendant specifically stipulated:

> A conviction for vehicular assault is a felony punishable by imprisonment for more than one year, and a violent crime as defined in 8 *U.S.C.* Section 1101(a)(43)(F).

As noted by the Sixth Circuit in *Patel v. Ashcroft*, 401 F.3d 400, 411(6th Cir. 2005), crimes of violence under § 16(b) and aggravated felonies under 8 *U.S.C.* § 1101(a)(43)(F), which deals with deportation, are synonymous. See 8 *U.S.C.* § 1101(a)(43)(F) (defining certain violent crimes as aggravated felonies).

Therefore, the defendant has stipulated that his conviction for vehicular assault is a crime of violence, and his Objection 1 is **OVERRULED**.

**OBJECTION 2:**

The defendant contends that he should not have received a 2 point increase when his counts were grouped under *U.S.S.G.* § 3D1.4 because these counts are closely intertwined. He quotes a portion of the following paragraph from the Introductory Commentary to Chapter 3, Part D:

> Some offenses that may be charged in multiple-count indictments are so closely intertwined with other offenses that conviction for them ordinarily would not warrant increasing the guideline range. For example, embezzling money from a bank and falsifying the related records, although legally distinct offenses, represent essentially the same type of wrongful conduct with the same ultimate harm, so that it would be more appropriate to treat them as a single offense for purposes of sentencing. Other offenses, such as an assault causing bodily injury to a teller during a bank robbery, are so closely related to the more serious offense that it would be appropriate to treat them as part of the more serious offense, leaving the sentence enhancement to result

2

from application of a specific offense characteristic.

However, the Court does not find that the defendant's crimes of possession with the intent to distribute cocaine and of being an alien who had been previously deported who was found in the United States are the same type of wrongful conduct with the same ultimate harm. Therefore, the defendant's Objection 2 is **OVERRULED**.

**OBJECTION 3:**

Because Objection 3 hinges on Objections 1 and 2, the defendant's Objection 3 is **OVERRULED**.

**OBJECTION 4:**

The defendant contends that probation should have recommended a downward departure pursuant to *U.S.S.G.* § 4A1.3(b) which provides:

> (b) DOWNWARD DEPARTURES.--
>
> (1) STANDARD FOR DOWNWARD DEPARTURE.--If reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, a downward departure may be warranted.

The probation officer added three (3) points to the defendant's criminal history points based on *U.S.S.G.* § 4A1.1(d) and (e) which provide:

> (d) <u>Add 2 points if the defendant committed the instant offense while under any criminal justice sentence</u>, including probation, parole, <u>supervised release</u>, imprisonment, work release, or escape status.
>
> (e) Add 2 points if the defendant committed the <u>instant offense less than two years after release from imprisonment</u> on a sentence counted under (a) or (b) or while in imprisonment or escape status on such a sentence.<u> If 2 points are added for item (d), add only 1 point for this item.</u>

Because the defendant committed the instant offense while he was on supervised release and less than two (2) years after his release from imprisonment, the Court FINDS that there is no reliable information that would show that the defendant is not likely to commit other crimes or that his criminal history category substantially over-represents the seriousness of the defendant's criminal history. In fact, the defendant's criminal history establishes that he has no respect for the law. Accordingly, the defendant's Objection 4 is **OVERRULED**.

E N T E R :

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
